IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| Danah Arrington, Plaintiff, | CIVIL ACTION |
|---|---|
| v. | NO. 16-2599 |
| Willow Terrace and RC Operator, LLC, Defendants. | |

## MEMORANDUM RE: Motion to Dismiss

Baylson, J.                                                            October 7th, 2016

### I.    Introduction and Instant Motion

Plaintiff, Danah Arrington, filed suit against Defendants Willow Terrace and RC Operator, who Plaintiff alleges collectively to be Plaintiff's former employer. Plaintiff does not make clear the relationship between the two defendants. Defendants' Motion to Dismiss indicates that the proper party should be RC Operator, LLC d/b/a Willow Terrace. To avoid confusion, this memorandum refers to the Defendant in the singular form.

Plaintiff's complaint dated May 25, 2016 contains five counts: (I) violation of the FLSA for unpaid overtime, (II) violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), (III) retaliation in violation of the FLSA, (IV) wrongful termination in violation of Pennsylvania common law, and (V) fraud.

Before the Court is Defendant's August 10, 2016 Motion to Dismiss for failure to state a claim, in which Defendant asks the court to dismiss all five of Plaintiff's claims. Plaintiff responded to Defendant's Motion on August 24, 2016 and Defendant filed a reply in support of its Motion on August 30, 2016.

Defendant's Motion will be granted without prejudice with leave to amend.

## II. Legal Standard

A motion to dismiss for failure to state a claim tests the sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In evaluating a motion to dismiss, the court must view factual allegations in a light most favorable to the plaintiff, drawing all reasonable inferences therefrom. Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The United States Supreme Court has established a two-part test to determine whether to grant a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). First, the court must ascertain whether the complaint is supported by well-pleaded factual allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. In turn, these factual allegations must be sufficient to provide a defendant the type of notice contemplated in Rule 8. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Taking the well-pleaded facts as true, the court must then determine whether the plaintiff is "plausibly" entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). That is, the pleadings must contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679. In short, a complaint must not only allege entitlement to relief, but must also demonstrate such entitlement with sufficient facts to push the claim "across the line from conceivable to plausible." Id. at 683; accord Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

## III. Discussion

### A. FLSA: Overtime Pay

The Fair Labor Standards Act ("FLSA") "establishes federal minimum-wage, maximum hour, and overtime guarantees that cannot be modified by contract." Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1527 (2013). Under the FLSA, covered employees are entitled to compensation at one and a half times their regular hourly rate for any hours worked in excess of forty hours in a given week. 29 U.S.C. § 207(a)(1). For employees who wrongly have been denied overtime pay, the FLSA offers a private right of action to recover unpaid compensation, an equivalent amount in liquidated damages, attorneys' fees, and costs. 29 U.S.C. § 216(b); Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 148 (3d Cir. 2014).

To state a claim for unpaid overtime wages under the FLSA, a plaintiff must first allege the existence an employer-employee relationship covered under the FLSA. Thompson, 748 F.3d at 148. Then, a plaintiff must sufficiently allege that in a given workweek he or she worked forty hours, and some uncompensated time in excess of the forty hours. Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241 (3d Cir. 2014); Rosario v. First Student Mgmt. LLC, No. CV 15-6478, 2016 WL 4367019, at *6 (E.D. Pa. Aug. 16, 2016).

Under the "middle ground" approach to FLSA overtime pleading standards adopted by the Third Circuit, a plaintiff is not required to provide exact dates and times that he or she worked overtime to survive a motion to dismiss. Davis, 765 F.3d at 241. However, a plaintiff must "connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts, so that the allegations concerning a typical forty-hour week *include* an assertion that the employee worked additional hours during such a week." Id. at 243 n.7 (emphasis added); Ford-Greene v. NHS, Inc., 106 F. Supp. 3d 590, 610 (E.D. Pa. 2015). In sum, "[a] plaintiff[] must provide sufficient detail about

3

the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week." Davis, 765 F.3d at 243 (citations omitted).

To illustrate, in Davis, the Third Circuit held that the plaintiffs' allegations that they "typically" worked at least forty hours a week, and also "frequently" worked during meal breaks or outside their scheduled shifts were insufficient. Id. That is, because the plaintiffs did not allege that they worked extra hours *during* an already forty-hour week, they had not stated a claim for unpaid overtime wages under the FLSA. Id.

Here, the allegations in support of Plaintiff's FLSA overtime claim are even more threadbare than the plaintiffs' allegations in Davis. As a threshold matter, Plaintiff's complaint does not make clear who Plaintiff's employer is or was, but alleges that Plaintiff was a covered employee under the FLSA.[1] Compl. ¶¶ 18, 19, 23, 24. In support of Plaintiff's overtime claim, the complaint alleges generically that "Plaintiff worked all hours that were required of her and scheduled for her"; "Defendant has a policy and practice of refusing to pay overtime compensation to Plaintiff"; and "Defendant has a policy and practice of refusing to make regular and timely payments to employees such as the Plaintiff." Compl. ¶¶ 7, 25, 26. Plaintiff avers that this conduct "constitutes a willful violation of the FLSA" for which Plaintiff is entitled to relief. Compl. ¶ 27.

These allegations fall short of what is required by Davis. They are generic statements that do not provide any factual support for Plaintiffs' FLSA claims. Indeed, there is no allegation that Plaintiff actually worked overtime hours. Instead, Plaintiff claims only that Plaintiff "worked all hours that were required of her" and that Defendant had a practice of

---

[1] Plaintiff names two defendants in this action: RC Operator LLC, and Willow Terrace, but alleges that "[a]t all times relevant, Defendant employed Plaintiff within the meaning of the FLSA." Compl. at ¶ 19.

4

refusing to pay overtime, and as a result Plaintiff is entitled to relief. This does not state a plausible claim for unpaid overtime under the FLSA.

### B. Pennsylvania Wage Payment and Collection Law

The Pennsylvania Wage Payment and Collection Law (WPCL) establishes a framework governing the payment of wages to employees by employers within the state of Pennsylvania. See 43 Pa. C.S. § 260.1, et seq. The Third Circuit has explained that the "WPCL does not create a right to compensation." Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990). Instead, "it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003). This "contract between the parties governs in determining whether specific wages are earned." Id. Thus, "[t]o present a wage-payment claim, the employee must aver a contractual entitlement to compensation from wages and a failure to pay that compensation." Braun v. Wal-Mart Stores, Inc., 24 A.3d 875, 954 (Pa. Super. 2011), aff'd, 106 A.3d 656 (Pa. 2014) (internal citations omitted).

In the absence of a written employment contract or collective bargaining agreement, the plaintiff bears the burden of "establish[ing] the formation of an implied oral contract [in order] to recover under the WPCL." Oxner v. Cliveden Nursing & Rehab. Ctr., 132 F. Supp. 3d 645, 649 (E.D. Pa. 2015). An implied contract exists "where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent or avails himself of the service." Id. (quoting Martin v. Little, Brown & Co., 450 A.2d 984, 987 (Pa. Super. 1981)) (internal quotation marks omitted). For example, in Oxner, the court determined the plaintiff had demonstrated an implied contract where she performed work-related services off-the-clock from home at the express instruction of her supervisor. See id. The court explained that the plaintiff alleged that she "performed a 'useful service' for the defendants,

5

'with their knowledge,' of a 'character that is usually charged for' and the defendants expressed no dissent and availed themselves of the service," so the plaintiff was, therefore, "justified in entertaining a reasonable expectation of being compensated by the defendants for her additional work at her set hourly wage." Id. By contrast, the Oxner court explained, the plaintiff did not "contend that Defendants promised to or implied that they would compensate her at a higher rate of pay for this extra work," so her separate claim that she was entitled to overtime pay for these hours failed as a matter of law because there was no implied contract for a higher rate of pay. Id. at 650.

In the present case, Plaintiff asserts that "Defendant[] failed to make payments to the plaintiff in the approximate amount of $1,600.00 and $7,000.00" that "were due and owed to the Plaintiff for time worked." Compl. ¶¶ 9-10. Plaintiff further alleges that "Defendant[] deprived the Plaintiff of pay for the hours worked as enumerated *supra*." Compl. ¶ 34. Plaintiff, however, does not specifically enumerate any hours allegedly worked, so Plaintiff's "as enumerated *supra*" reference appears to refer to the approximate payment amounts noted in Paragraph 9. Plaintiff does not allege that these payments were due under an employment contract (either written or implied), or under a collective bargaining agreement. That is, Plaintiff alleges that Defendant failed to pay compensation to Plaintiff, but Plaintiff fails to plead any facts demonstrating that Plaintiff was contractually entitled to this compensation. Absent a specific allegation of a contract between Plaintiff and Defendant whereby Defendant was obligated to make these payments, Plaintiff's claim is insufficient. Defendant's Motion to Dismiss Count II is granted without prejudice.

### C. FLSA: Anti-Retaliation

The FLSA contains an anti-retaliation provision that makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee

6

has filed any complaint" alleging a violation of the FLSA. See 29 U.S.C. § 215. "To state a prima facie case of retaliatory discrimination under the FLSA, a plaintiff must plead that '(1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action.'" Jones v. Amerihealth Caritas, 95 F. Supp. 3d 807, 813 (E.D. Pa. 2015) (quoting Scholly v. JMK Plastering, Inc., No. CV 07-4998, 2008 WL 2579729, at *3 (E.D. Pa. June 25, 2008)); accord Lancaster v. PJM Interconnection, LLC, No. CV 16-842, 2016 WL 4394365, at *4 (E.D. Pa. Aug. 16, 2016) (citing Preobrazhenskaya v. Mercy Hall Infirmary, 71 Fed. App'x. 936, 939 (3d Cir. 2003)).

Within the meaning of the FLSA, protected activity includes "fil[ing] any complaint or institute[ing] or caus[ing] to be instituted any proceeding under or related to [the FLSA]." Jones, 95 F. Supp. 3d at 814 (citing 29 U.S.C. § 215(a)(3)). The United States Supreme Court recently clarified what constitutes a "complaint" under the FLSA in Kasten v. Saint-Gobain Performance Plastics. 563 U.S. 1 (2011). The Supreme Court held that a formal written complaint is not required; rather, an informal oral complaint made by an employee to a supervisor constitutes protected activity within the meaning of the statute. See Kasten, 563 U.S. at 17. However, "a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights and a call for their protection." Kasten, 563 U.S. at 14. The central holding of Kasten is that no particular form of complaint is required, as long as a "reasonable, objective person would have understood the employee to have put the employer on notice of an assertion of rights."

This Court has had the occasion to apply the Kasten holding in two cases this year. See Childs v. Universal Cos., Civ. A. No. 15-3507, 2016 WL 1623159 (E.D. Pa. Apr. 22, 2016)

7

(Baylson, J.); Lancaster v. PJM Interconnection, LLC, Civ. A. No. 16-842, 2016 WL 4394365, (E.D. Pa. Aug. 16, 2016) (Baylson, J.). In Childs, the plaintiff alleged that he engaged in protected activity when he complained to his supervisor via e-mail and voicemail regarding (1) nonpayment of overtime from November 2013 through his termination and (2) his supervisor's alteration of his timecards to prevent him from receiving overtime compensation for the hours he had worked. The plaintiff also alleged that he engaged in protected activity when he made an internal complaint to his HR representative about the same behavior via e-mail. Childs, 2016 WL 1623159, at *4. This Court held that even though the plaintiff did not specifically refer to the FLSA when making his complaints, a reasonable employer would have understood that he was asserting rights protected by the FLSA. Id.

Similarly, in Lancaster, plaintiffs delivered to their employer several letters that complained about uncompensated on-call time that they allege should have entitled them to overtime compensation. This Court held that the letters contained "enough information to put [the employer] on notice that they were complaining of inadequate overtime compensation." Lancaster, 2016 WL 4394365, at *5.

Plaintiff here does not allege the same level of facts that would allow this Court to reach the same conclusion as it did in Childs and Lancaster. By contrast, here, Plaintiff makes a single sentence, barebones assertion that "Plaintiff was terminated for addressing the issues of non-payment with [Plaintiff's] Supervisors." Compl. ¶ 43. Plaintiff alleges no facts regarding the manner in which Plaintiff "addressed" the issues, and indeed has not made any factual allegations of overt complaints – written, oral, or otherwise. There are not enough facts alleged in the Complaint which would allow a factfinder to conclude that a reasonable employer would have been on notice that Plaintiff was asserting rights under the FLSA. As a result, Plaintiff has

8

not stated a plausible claim for relief under the FLSA anti-retaliation provision. Count III of Plaintiff's Complaint is therefore dismissed with leave to amend.

### D. Pennsylvania Common Law

Count IV of Plaintiff's Complaint is a claim for wrongful termination under Pennsylvania common law. Defendant argues that Count IV is time-barred. There are no dates alleged in the Complaint which would indicate when Plaintiff's claim accrued. Defendant attaches to its Motion a letter of resignation from Plaintiff dated October 2013, and argues that setting aside the fact that if Plaintiff resigned, then Plaintiff could not assert a wrongful termination claim, the dates of the resignation indicate that Plaintiff's claim is outside the applicable two-year Statute of Limitations. In Plaintiff's Response, Plaintiff concedes that after a careful investigation of the facts, Plaintiff agrees that Count IV of the Complaint is time-barred and should be dismissed.

Statutes of limitation cannot typically form the basis of a 12(b)(6) dismissal. The Third Circuit has held that "because a statute of limitations defense is an affirmative one" the defendant has the burden to establish its applicability. Drennen v. PNC Bank Nat'l Assoc., 622 F.3d 275, 292 (3d Cir. 2010). That is, a plaintiff is not required to negate an affirmative defense in its complaint. Id. In order to form the basis of a dismissal for failure to state a claim, the applicability of a statute of limitations defense must appear on the face of the complaint. Pension Trust Fund for Operating Engineers v. Mortgage Asset Securitization Transactions, Inc., 730 F.3d 263, 271 (3d Cir. 2013) (citing Benak v. Alliance Capital Mgmt., 435 F.3d 396, 400 n. 14 (3d Cir. 2006)). Requiring a plaintiff to plead compliance with a statute of limitations would effectively shift the burden of proof to the plaintiff, because timeliness as an issue would always appear on the face of the Complaint. Id.

Beyond the allegation that Plaintiff "commenced employment with the Defendant in or about October 2012," see Compl. ¶ 5, the Complaint does not contain any dates. Therefore, it is

9

not possible to determine from the face of the Complaint whether Plaintiff's wrongful termination claim is time-barred. Ordinarily, then, Plaintiff's claim could not be dismissed on this basis. However, because Plaintiff agrees that Count IV should be dismissed, Defendant's motion as to Count IV is granted. See Schor v. N. Braddock Borough, 801 F. Supp. 2d 369, 380 (W.D. Pa. 2011) (citing Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990)).

### E. Fraud

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for fraud claims. Under Rule 9(b) the plaintiff must plead fraud "with particularity", by, for example, setting forth the "date, place or time" of the alleged fraud or "use alternative means of injecting precision and some measure of substantiation." Image Masters, Inc. v. Chase Home Fin., 489 B.R. 375, 393 (E.D. Pa. 2013) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). This heightened pleading standard serves "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Id. at 392 (quoting Seville, 742 F.2d at 791). Such charges might otherwise wrongly induce settlements or damage the defendants' reputations. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997). It also serves to allow defendants to prepare an adequate answer to the allegations. Image Masters, 489 B.R. at 395.

To state a claim for fraud under Pennsylvania law, a Plaintiff must allege: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting

injury was proximately caused by the reliance." See Feingold v. Graff, 516 Fed. App'x 223, 227 (3d Cir. 2013) (citing Gibbs v. Ernst, 647 A.2d 882 (Pa. 1994)).

Here, Plaintiff alleges that Defendant made false reports to the IRS reporting wages not paid to Plaintiff, which contained a forgery of Plaintiff's signature. Plaintiff goes on to allege that as a result of this false reporting, Plaintiff sustained damages including "improper credit reporting, fines, and penalties levied by the Internal Revenue Service." Plaintiff has not alleged all the elements of fraud required under Pennsylvania law even in a cursory manner, and falls well short of compliance with Rule 9(b). Specifically, Plaintiff has not alleged intent on the part of Defendant, nor has Plaintiff alleged that Plaintiff justifiably relied on Defendant's misrepresentation. Therefore, Defendant's motion to dismiss Plaintiff's fraud claim is granted without prejudice.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion is granted, and Plaintiff's Complaint is dismissed in its entirety without prejudice. An appropriate order follows.

O:\CIVIL 16\16-2599 Arrington v Willow Terrace\Memo granting Motion to Dismiss.docx